*E-FILED 10-26-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C11-05183 HRL |
| Plaintiff, | **ORDER OF REMAND** |
| v. | |
| RUTH L. THOMPSON, | |
| Defendant. | |

On October 17, 2011, pro se defendant Ruth L. Thompson removed an unlawful detainer case from Santa Clara County Superior Court. Upon review of Thompson's Notice of Removal, the court concluded that there was no basis for federal subject matter jurisdiction and no grounds for Thompson to appeal the state court's judgment here. Because there apparently were ongoing post-judgment proceedings in state court, the matter was remanded there on October 19, 2011. See Wells Fargo Bank, N.A. v. Thompson, Case No. C11-05074 HRL.

Thompson has, once again, removed the same unlawful detainer matter from state court, resulting in this second proceeding before this court. Indeed, her second Notice of Removal is identical in every respect to the removal notice she previously filed. Thompson's apparent attempt to flout this court's prior order of remand is not well taken. For all the reasons

discussed in the court's first order of remand, set out again below, this case shall be summarily remanded to the state court.[1]

The record presented indicates that Wells Fargo Bank, N.A. (WFB) filed this unlawful detainer action in state court—and prevailed. The state court evidently entered judgment for WFB on October 12, 2011. (Notice of Removal, Ex. C). The next day, WFB, as judgment creditor, obtained a writ of possession as to the subject real property. (Id.). The record further suggests that Thompson might be attempting to appeal the state court judgment here. (Id., Ex. D).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

As with her first attempt, Thompson's current attempt at removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). Thompson says she was served with the complaint and summons some seven months ago in March 2011. (Notice of Removal at 2 and Ex. A). And, as noted above, judgment apparently has already been entered by the state court.

Even if the removal were timely, there is no basis for federal question jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based

---

[1] Thompson has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

2

1  on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. <u>Vaden v.
2  Discovery Bank</u>, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal
3  question do not satisfy this requirement. <u>Id.</u>

4  Thompson contends that her constitutional rights to due process and equal protection
5  have been violated. (Notice of Removal at 2). She also says that she filed for bankruptcy in
6  May 2011. (<u>Id.</u> at 2 and Ex. B). A defendant's allegations in a removal notice or in a response
7  to plaintiff's complaint cannot provide this court with federal question jurisdiction. The record
8  indicates that plaintiff's complaint stated only a claim for unlawful detainer. There is no
9  indication that the complaint alleged any federal claims whatsoever. Accordingly, defendant
10 has failed to show that removal is proper on account of any federal substantive law.

11 Nor does this court have diversity jurisdiction over the matter. Thompson suggests that
12 the amount in controversy exceeds $75,000. (Notice of Removal at 3). It is not readily
13 apparent that is true, the action having been filed as a "Civil Limited"[2] matter in state court.
14 (<u>Id.</u>, Ex. C). In any event, as a California defendant, Thompson does not have the right to
15 remove this action to federal court on diversity. <u>See</u> 28 U.S.C. § 1441(b) (stating that an action
16 is removable for diversity "only if none of the parties in interest properly joined and served as
17 defendants is a citizen of the State in which such action is brought").

18 Finally, to the extent Thompson seeks to have this court review the judgment rendered
19 by the state court, this court lacks jurisdiction to do so. Under the <u>Rooker-Feldman</u>[3] doctrine, a
20 federal district court lacks subject matter jurisdiction to review the final determinations of a
21 state court in judicial proceedings. <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003).[4]

---

[2] The state court's website (www.scscourt.org) states that Civil Limited cases are those worth $25,000 or less.

[3] See <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

[4] *IF* there has been a violation of an order of the Bankruptcy Court, defendant might possibly have a basis for some relief from that court. On the record presented, however, it is not clear that there has been any such violation.

3

1 Based on the foregoing, the court concludes that this case improperly was removed here.
2 Because it seems that there may be ongoing post-judgment proceedings in the state court, this
3 action will be remanded there. The clerk shall transmit the file to the Santa Clara County
4 Superior Court.
5 SO ORDERED.
6 Dated: October 26, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:11-cv-05183-HRL Notice sent by U.S. Mail to:

2  Ruth L. Thompson
   14626 Story Road
3  San Jose, CA 95127

**United States District Court**
For the Northern District of California